UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DEVONTE ABBAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-150 |
| | ) |
| HOBART POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Motion to Remand Malicious Prosecution Lawsuit and Request for Attorney Fees [DE 45] filed by the plaintiff, Devonte Abbas, on April 18, 2022.

The plaintiff, Devonte Abbas, initiated this lawsuit against the defendant, Hobart Police Department, on April 29, 2021, pursuant to 42 U.S.C. § 1983 and the Fourth Amendment. Specifically, the plaintiff alleges that Hobart police officers violated his constitutional rights during two separate traffic stops, which occurred on January 4, 2019 and on May 8, 2019.

On June 25, 2021, the defendant filed a Motion to Dismiss [DE 19] all claims. On August 18, 2021, the court granted [DE 27] the defendant's motion only as to the claims related to the January 4, 2019 traffic stop because they were time barred. However, since the defendant failed to address the claims surrounding the May 8, 2019, traffic stop, and since they were not time barred, the court denied the Motion to Dismiss in part.

On January 13, 2022, the plaintiff filed a case in Indiana state court against the City of Hobart, three police officers, and a corporal. The complaint raised one claim of malicious prosecution relating to false statements allegedly made in a probable cause affidavit for the January 4, 2019, traffic stop, which eventually resulted in criminal charges against the plaintiff. The defendant's attorney agreed to accept service of the state law complaint and did so on

January 21, 2022. The defendant filed its answer to the state law complaint on February 28, 2022.

On March 25, 2022, the defendant removed [DE 41] the state law case to this court. The plaintiff opposes the removal in the instant motion. The defendant responded on April 27, 2022, and the plaintiff replied on May 4, 2022.

*Discussion*

In general, "any civil action brought in a [s]tate court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." **28 U.S.C. § 1441(a)**. If a defendant believes that an action is removable, "the notice of removal … shall be filed within 30 days after the receipt by the defendant, through service or otherwise …" **28 U.S.C. § 1446(b)(1)**.

As stated above, the defendant was served with the state law complaint on January 21, 2022. The defendant filed a notice of removal on March 25, 2022, 63 days after accepting service. The defendant argues that its notice of removal was timely because it did so within 30 days after receiving the plaintiff's Second Amended Complaint in the instant case, not the state law case. This logic is contrary to the removal statue.

The defendant makes other arguments related to the substance of the state law claim and its connection to claims in the instant case, however due to its failure to timely remove the state law case, the court need not address those arguments at this time.

Based on the foregoing reasons, the Motion to Remand [DE 45] is **GRANTED.**

ENTERED this 2nd day of June, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge